UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 93-CR-358-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. WALTER KNIGHT, a/k/a SUNDIATA SIMBA

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on the *pro se* Defendant's: (1) Motion to Correct Clerical Errors, filed July 8, 2003 [#173]; (2) Motion to Take Judicial Notice, filed July 24, 2003 [#174]; (3) Motion to Approve Official Record of this Court, filed December 26, 2003 [#175]; and (4) motion entitled "Federal Rules of Criminal Procedures [sic] Pursuant to Rules 51, 52(b)," which the Court construes as a motion to reopen his case, filed January 27, 2009 [#178]. The Government has not responded to any of the motions.

In November 1993, the Defendant was charged in a one-count indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [#1]. The Defendant, who was represented by counsel at the time, took his case to trial before a jury.[1] He was convicted and sentenced to 288 months of imprisonment and 5 years of supervised release. He is currently in the custody of the Federal Bureau of Prisons, and serving his sentence in a corrections facility in Beaumont, Texas.

It is somewhat difficult to comprehend and distill the Defendant's arguments, several

---

[1]This case was transferred to the undersigned upon the resignation of the judge who presided over the Defendant's trial.

of which comprise only a few sentences and lack sound basis in the law. Because the Defendant comes before the Court *pro se*, the Court affords his motions liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not and does not here act as the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court addresses the Defendant's motions in turn.

The Defendant rightly brings his Motion to Correct Clerical Errors [#173] pursuant to Federal Rule of Criminal Procedure 36.[2] However, he seems to direct his requests to the Director of the Administrative Office of the United States Courts and, although he makes general references to omissions arising from "judicial misconduct and disability by attorneys" and a "voucher" for his case, the Defendant does not specify what it is that he would like corrected. Rather, his motion appears to be a dual request for return of unspecified "funds and real and personal property" and for release from prison. The Court cannot provide the relief the Defendant seeks. Without any specification of what the purported errors and omissions are in the record, the Court has no means by which to adjudge the Defendant's requests for correction. The same is true for the property and funds the Defendant seeks to have returned. Without any indication of what the property and funds are, the Court cannot consider or order their return.

The motion as it relates to release requires more attention. The Defendant brings this aspect of his motion in one sentence, requesting the Court Order the United States Marshals Service to release him pursuant to the Marshal Service's powers and duties as set forth in 28 U.S.C. §566. Such powers and duties include the execution of this Court's

---

[2]Rule 36 provides that upon giving appropriate notice, "the Court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

orders. *See* 28 U.S.C. §566(c). However, the Court notes that it "'does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.'" *United States v. Coleman*, 2005 WL 3541117 at *1 (10th Cir., Dec. 28, 2005) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.1997)). "Under [18 U.S.C.] § 3582, a district court may only modify a sentence under three specific circumstances:

> (1) If it receives a motion from the Bureau of Prisons finding that special circumstances warrant a reduction and the requested reduction is consistent with the applicable policy statements issued by the Sentencing Commission;
>
> (2) to the extent expressly permitted by statute or by Fed.R.Crim.P. 35; or
>
> (3) a defendant has been sentenced based upon a sentencing range later lowered by the Sentencing Commission.

*Id.* (citing 18 U.S.C. § 3582(c)(1)(2), *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir.1997)). In the instant case, the Defendant does not allege, much less provide evidence, that any of these circumstances exist. Accordingly, the Motion to Correct Clerical Errors is denied in its entirety.

The Defendant describes his Motion to Take Judicial Notice [#174] as a follow-up motion to his Motion to Correct Clerical Errors. Unfortunately, the Motion to Take Judicial Notice suffers from the same flaws as the Motion to Correct. The Defendant evidently seeks production directly from the Colorado State Attorney General and/or the United States Attorney of copies of contracts evidencing the purchase of unspecified "property involved in this case" and "all records . . . . that this Court states are filed that [the Defendant] does not have copies of." From the styling of the Defendant's motion, the Court is unable to ascertain what documentation he seeks and from whom. Without the ability to adjudge the substance of the motion, the Court cannot grant it. Therefore, the Motion

to Take Judicial Notice is denied.

The Defendant's Motion to Approve Official Record of This Court [#175] is similarly opaque. The Defendant asserts that after searching the record of this case, he has been unable to locate a search warrant, unable to find evidence that the United States owned unspecified real estate, and unable to locate "a copy of ceded jurisdiction by the Legislature of Colorado pursuant to 40 U.S.C. §255." Again, without any substantive information on the search warrant sought or the purported government-owned real estate, this Court is unable to adjudge these aspects of the Defendant's motion.

The Defendant's jurisdiction argument warrants closer analysis. 40 U.S.C. §255 is now codified at 40 U.S.C. §§3111 and 3112. The statutes set forth the requirement that the Attorney General must give written approval of the ownership title for any lands that the Federal Government obtains using public money, and provides procedures for effecting same. It is difficult if not impossible to ascertain what relief the Defendant seeks with his motion referencing this statute. To the extent that the Defendant argues that this Court did not have jurisdiction to hear his case, the Court notes that the Defendant's case directly implicated federal law, 18 U.S.C. §922(g)(1), and was therefore properly tried before a Federal District Court. Accordingly, the Defendant's Motion to Approve Official Record of This Court is denied in its entirety.

The Defendant's fourth and most recently filed motion is perhaps the most difficult for the Court to analyze. Other than a one-sentence introduction, the motion – entitled "Federal Rules of Criminal Procedures [sic] Pursuant to Rules 51, 52(b)," [#178] reads, *in toto* and as found *sic*:

> (A) Reopening of Case: It is within discretion of trial Judge to permit government to reopen case and introduce further proof prior to presentation of defense case and exercise of such discretion that did prejudice defendant:

(B) Rule 52(b) test as to whether error of misconduct affects substantial right of Defendant is that if probability is high that errors materially affects jurors or Grand jury failed, Then reversal may be justified, And

(C) Defendant's conviction for possession of firearm was plain error where statute under which he had been conviction pursuant to 18 USCA §922(g), was held unconstitutional while case was on direct appeal.

The Defendant neither presents nor alludes to any evidence he may have or that he believes the Government may have to present that would warrant re-opening this case. He provides no reference to or evidence of any prejudice he may have suffered from the lack of presentation of evidence, or anything else. He makes no specific allegation of any error of or misconduct by the trial judge, the jury, or the grand jury. Moreover, the Court finds no support for the Defendant's contention that 18 U.S.C. §922(g) has been overturned. To the contrary, the statute remains in active use. *See, e.g., Bloate v. United States*, 130 S. Ct. 1345, 176 L. Ed.2d 54 (2010). To the extent the Defendant makes any argument in his motion, he has failed to provide support in the form of evidence or legal precedent. Accordingly, the motion is denied.

Therefore, it is hereby

ORDERED that:

1. The Motion to Correct Clerical Errors, filed July 8, 2003 [#173] is **DENIED**;

2. The Motion to Take Judicial Notice, filed July 24, 2003 [#174] is **DENIED**;

3. The Motion to Approve Official Record of this Court, filed December 26, 2003 [#175] is **DENIED**; and

4. The motion entitled Federal Rules of Criminal Procedures [sic] Pursuant

to Rules 51, 52(b), filed January 27, 2009 [#178] is **DENIED**

Dated: June 15, 2010

                              BY THE COURT:

                              s/ Wiley Y. Daniel
                              WILEY Y. DANIEL,
                              CHIEF UNITED STATES DISTRICT JUDGE